**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT CONAWAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| | : | |
| v. | : Civ. No. 19-619-CFC | |
| | : | |
| SHERI L. MCAFEE-GARNER, et al., | : | |
| | : | |
| Defendants. | : | |

Robert Conaway, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se
Plaintiff.

**MEMORANDUM OPINION**

July **/** , 2019
Wilmington, Delaware

$\mathcal{C}\!\mathcal{L}\ \mathcal{T}\!.\ \mathcal{C}\!\!\!\!\!\!\!\underline{\phantom{xx}}$

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Robert Conaway ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, "(JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that he began to experience unusual medical problems on February 11, 2018. (D.I. 3 at 4) Plaintiff was seen by health care provider Defendant Sheri L. McAfee-Garner ("McAfee-Garner") on May 15, 2018, after undergoing medical testing and was told his condition was "probably Zinker's Diverticulum." (*Id.*) Plaintiff was told that other than a special diet there was no significant treatment for the condition or none that the Delaware Department of Correction ("DOC") was "willing to approve financially." (*Id.*) Plaintiff alleges that McAfee-Garner "has been responsible for all of plaintiffs [sic] care." (*Id.*) Plaintiff was seen by an outside specialist in April 2018 and tested positive for an esophageal diverticulum. (*Id.*)

Plaintiff submitted a grievance on May 21, 2018. (*Id.* at 5) At Level one, Defendant L.P.N. Amanda L. Dean ("Dean") provided Plaintiff diet education. (*Id.*) At Level Two, Defendants L.P.N. Beth E. Bittner ("Bittner"), D.O.N. Christina Spanos

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

("Spanos"), and R.N. Beverly Trout ("Trout") denied Plaintiff's grievance. (*Id.*) Appeal of

Level Two reads, "Uphold Recommend Grievant be seen by a higher level of care (Site

Medical Director) for a diagnostic treatment plan." (*Id.*) Defendant Matthew Wofford

("Wofford") is the JTVCC Site Director. Next, Defendant Bureau Chief Marc Richman

("Richman") upheld Plaintiff's grievance and recommended Plaintiff "be seen by a

higher level of care . . . for a diagnostic treatment plan." (*Id.* at 6)

. Plaintiff alleges that, to date, he has not received treatment nor been provided a

medical diet. (*Id.* at 4-6) He alleges that "they" notified him of other cures for his

condition, but they blame Defendant Warden Dana Metzger ("Metzger") for "not [being]

willing to pay for the treatment needed." (*Id.*) Plaintiff alleges that he continues to

suffer. He seeks compensatory damages and injunctive relief. (*Id.* at 9)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison

conditions). The Court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

2

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Medical Claims

Plaintiff alleges that he has not been provided a required medical diet and "to date no treatment has been provided" for his Zinker's Diverticulum condition. Plaintiff alleges that McAfee-Garner is responsible for all of Plaintiff's care. He alleges that grievances he submitted were upheld and it was recommended that he been seen by Wofford, the JTVCC Site Medical Director for a diagnostic treatment plan, and this never occurred. Finally, Plaintiff alleges that Defendants blame Warden Metzger for their failure to provide Plaintiff's medically necessary diet.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, *Estelle v. Gamble*, 429 U.S. at 106, merely negligent treatment does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Indeed, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235. A "failure to provide adequate care . . . [that] was deliberate, and motivated by non-medical factors" is actionable under the

Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir 1993).

In addition, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d at 69. "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

The allegations against Warden Metzger do not implicate the Eighth Amendment. There are no allegations that Metzger knew or had reason to know that Plaintiff was not receiving a medical diet or care for his condition. Rather, Plaintiff seems to allege that medical care providers sought to deflect blame for the failure to provide Plaintiff the medical care and diet he required. Warden Metzger and the claims against him will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The allegations against McAfee-Garner and Wofford appear to be cognizable medical needs claims. The Court will therefore allow Plaintiff to proceed against McAfee-Garner and Wofford.

## B.    Grievances

Plaintiff alleges that:  (1) at Step One of the grievance process Dean gave him diet education; (2) at Step Two, Bittner, Spanos, and Trout denied his grievance; and (3) Richman upheld Plaintiff's grievance and recommended Plaintiff receive a higher level of care.  He has sued the foregoing Defendants for their respective involvement in the grievance process.

The filing of prison grievances is a constitutionally protected activity.  *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published).  To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.,* 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court as he has done. *Winn v. Department Of Corr.,* 340 F. App's 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729.

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were denied or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Dean, Bittner, Spanos, Trout, and Richman as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V.    CONCLUSION

For the above reasons, the Court will dismiss Metzger, Dean, Bittner, Spanos, Trout, and Richman and the claims against them as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  Plaintiff will be allowed to proceed against McAfee-Garner and Wofford.

An appropriate order will be entered.