IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CONAWAY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. Action No. 19-619-CFC ) |
| SHERI L. MCAFEE-GARNER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Robert Conaway ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983. On July 1, 2019, the Court screened the Complaint pursuant to the Prison Litigation Reform Act and dismissed some claims and all but two Defendants. (D.I. 7, 8) Plaintiff has filed a request for counsel and a motion for reconsideration of the July 1, 2019 Order.[1] (D.I. 9, 10)

## II. REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that his case has merit in fact and law, and he has raised medical negligence, conspiracy, and illegal delegation of federal and state fund claims. (D.I. 9) Plaintiff contends the case is complex, expert testimony will be necessary, and he cannot afford counsel. He also argues incorrectly that, because

---

[1] Plaintiff's filings do not reference this Court, do not contain a case caption, and do not provide the case number. Plaintiff is admonished that future filings shall contain all of the foregoing. Plaintiff's *pro se* standing does not excuse him from adhering to Fed. R. Civ. P. 10 which provides that every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.

1

the Complaint survived a motion to dismiss, counsel is appropriate. A motion to dismiss has not been filed in this case.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[2] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. Contrary to Plaintiff's position, the only claim left is a medical needs claims against Defendants Sheri L. McAfee-Garner and Matthew Wofford, and it does not appear that the issue is complex. In addition, to date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

### III. MOTION FOR RECONSIDERATION

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be

3

appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The Court has once again reviewed the Complaint, the order at issue, and Plaintiff's motion. Plaintiff asks the Court to reinstate the grievance claims raised against Amanda L. Dean, Beth E. Bittner, Christina Spanos, Beverly Trout, and Marc Richman. However, Plaintiff's dissatisfaction with the grievance procedure or denial of his grievances, fails to state a claim because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011). Plaintiff argues that the dismissed defendants failed to follow Delaware Department of Correction policy for grievances, but the mere failure of prison officials to follow their own regulations in itself is not a constitutional violation. *See Tennille v. Quintana*, 443 F. App'x 670, 672 n.2 (3d Cir. 2011) (per curiam).

Plaintiff appears to allege new facts to support his position, particularly with regard to claims against former Warden Dana Metzger. These new facts are not considered, however, because this is not the appropriate vehicle to do so. *See e.g., Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (a brief is helpful only to the extent it finds support in the allegations set forth in the complaint). In addition, Plaintiff also suggests that he raises a medical negligence claim. The Court did not construe the Complaint as doing so. Moreover, Plaintiff did not comply with the requirements for raising such a claim under Delaware law that include the filing of an affidavit of merit when commencing a medical negligence action.

4

*See* 18 Del. C. § 6853 (no health-care negligence lawsuit shall be filed unless it is accompanied by an affidavit of merit with expert medical testimony).

Finally, Plaintiff seeks to support his claims by relying upon the December 29, 2006 memorandum of agreement between the United States Department of Justice and the State of Delaware following an investigation of five Delaware prison facilities pursuant to the Civil Rights of Institutionalized Persons Act, which authorizes the federal government to identify and root out systemic abuses regarding the four institutions. He may not do so. Paragraph I.F. of the agreement provides that it may not be used as evidence of liability in any other legal proceeding.

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's July 1, 2019 Memorandum and Order. Therefore, the motion for reconsideration will be denied.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny the request for counsel without prejudice to renew (D.I. 9); and (2) deny the motion for reconsideration (D.I. 10)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 30, 2019
Wilmington, Delaware