IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT CONAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 19-619-CFC |
| | ) | |
| SHERI L. MCAFEE-GARNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Robert Conaway, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Emily Kara Silverstein, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Sheri L. McAfee-Garner and Matthew Wofford.

**MEMORANDUM OPINION**

November 3, 2020
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Robert Conaway ("Plaintiff"), an inmate at the James T. Vaughn

Correctional Center, "(JTVCC") in Smyrna, Delaware, filed this action pursuant to 42

U.S.C. § 1983.   (D.I. 3)  Plaintiff appears *pro se* and has been granted leave to proceed

*in forma pauperis.*  (D.I. 5)  Before the Court are Plaintiff's motion to amend and

Defendants' motion to dismiss.  (D.I. 19, 24)

## I.   BACKGROUND

The Court screened the original complaint on July 1, 2019, and Plaintiff was

allowed to proceed on medical needs claims against Defendants Sheri L. McAfee-

Garner ("McAfee"), described as the prisoner acting medical provider, and Matthew

Wofford ("Wofford"), described as the health services administrator/medical director of

JTVCC.  The following facts are taken from the Complaint and assumed to be true for

purposes of deciding the pending motion.  *See Umland v. PLANCO Fin. Servs., Inc.,*

542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff began to experience unusual medical problems on February 11, 2018.

(D.I. 3 at 4)  He was seen by an outside specialist in April 2018 and tested positive for

an esophageal diverticulum.  (*Id.*)

On May 15, 2018, Plaintiff was seen by McAfee, who told him that his condition

was probably Zenker's Diverticulum.  (*Id.*)   McAfee also told Plaintiff that other than a

special diet, there was no significant treatment for the condition or none that the

Delaware Department of Correction ("DOC") was "willing to approve financially."  (*Id.*)

Plaintiff alleges that McAfee "has been responsible for all of plaintiff[']s care."  (*Id.*)

1

Plaintiff submitted a grievance to the DOC on May 21, 2018 that was upheld and that contained a recommendation that Plaintiff be "seen by a higher level of care (Site Medical Director) for a diagnostic treatment plan in regard to Zenker's Diverticulum." (D.I. 3-1 at 20)  Plaintiff alleges that he has not received treatment nor been provided a medical diet.  (D.I. 3 at 4-6)

Plaintiff filed a motion to amend the Complaint and Defendants filed a motion dismiss the Complaint.  Plaintiff opposes the motion to dismiss.

## II.    MOTION TO AMEND

Plaintiff has filed a motion to amend to add several defendants.  (D.I. 24) Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires."  Our Court's Local Rules provide that when a party moves to amend a pleading, the party shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten signature; and (2) a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.  See D. Del. LR 15.1.

Plaintiff did not provide the Court with a copy of the proposed amended complaint.  The motion, therefore, will be denied without prejudice to renew.  Plaintiff shall comply with the Local Rules when seeking to amend.

## III.   MOTION TO DISMISS

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) the Complaint fails to adequately articulate a § 1983 claim against either

Defendant; (2) the Complaint fails to state deliberate indifference claims against either Defendant; and (3) the respondeat superior claim fails as a matter of law.  (D.I. 19, 20)

Plaintiff opposes.  (D.I. 25)  In his opposition, Plaintiff refers to facts not contained in the original complaint and attaches exhibits that were not included with the original complaint.  Plaintiff may not amend his complaint through his opposition brief, and these new facts may not be considered by the Court in resolving the instant motion to dismiss.  *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  The Court considers only those facts alleged in the Complaint.

## A.    Legal Standards

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff.  *Umland*, 542 F.3d at 64.  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

## B.    Discussion

Defendants seek dismissal on the grounds that the Complaint fails to state a claim under 42 U.S.C. § 1983.  As discussed above, after screening the Complaint, the Court allowed Plaintiff to proceed against Defendants on his medical needs claims.  The Court now revisits the claims and considers Defendants' arguments for dismissal.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To state a cognizable medical needs claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take

4

reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

To establish personal liability against a defendant in a § 1983 action, a defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

With regard to McAfee, Plaintiff alleges that she was responsible for his medical care generally and his Zenker's Diverticulum condition in particular. (D.I. 3 at 4) The Complaint describes one specific instance when McAfee provided treatment to Plaintiff—on May 15, 2018. (D.I. 3 at 4) It alleges that on that date McAfee told Plaintiff that he likely had Zenker's Diverticulum and, that other than a special diet, there was no significant treatment for the condition or a treatment that the DOC was willing to approve financially. (D.I. 3 at 4, D.I. 3-1 at 14) With regard to Wofford, it appears that he is named as a defendant based solely upon his supervisory position.

Plaintiff underwent a fluoroscopy of the esophageal area on April 11, 2018. (D.I. 3-1 at 6) After Plaintiff saw McAfee on May 15, 2018, he submitted a grievance and requested that he be seen by an outside medical provider for stomach pain. (*Id.* at 13) The grievance report, which is dated June 6, 2018, noted the likely diagnosis of Zenker's Diverticulum and referred Plaintiff back to the DOC's medical providers for a

5

revision of the plan of care.  (D.I. 3-1 at 14)  Plaintiff appealed the grievance, arguing that he had seen both in-house medical providers and was given two different opinions. (*Id.* at 22)  The June 26, 2018 appeal decision upheld the grievance and recommended that Plaintiff be seen by a higher level of care for a diagnostic treatment plan.  (*Id.* at 20, 23)  The Bureau Chief agreed with the assessment.  (*Id.* 24)  The higher level of care was described as the "site medical director."  (*Id.* at 20)  Plaintiff alleges that Wofford is the Health Services Director/Medical Director of JTVCC.  (D.I. 3 at 20)  It is unclear if "site medical director" is included in Wofford's position and/or job duties.  A medical note dated October 26, 2018 indicates that Plaintiff was seen by RN Shantel Harden, who diagnosed him with ongoing stomach pain, approved a consult with an ENT, and instructed Plaintiff to return to sick call if his symptoms worsened.

After carefully reviewing the allegations in the original Complaint, the Court concludes that it fails to state claims upon which relief may be granted.  The allegations indicate that McAfee saw Plaintiff on one date and that she provided him care on that date.  The allegations do not amount to deliberate indifference.  In addition, while Plaintiff makes the all-encompassing allegation that McAfee was responsible for all of his care and approval of care for his condition, there are no facts alleged to support the claim.  For example, Plaintiff does not allege that McAfee refused to provide or approve treatment upon Plaintiff's request or requests by other medical or prison personnel or that there were any contacts between McAfee and Plaintiff following May 15, 2018.  As pled, the Complaint simply fails to state a claim upon which relief may be granted.

6

The claim again Wofford fares no better.  The Complaint alleges only that he was the health services director/medical director of JTVCC and that the grievance board recommended that Plaintiff be seen by a higher level of care, described as the site medical director.  Nothing in the Complaint indicates that Wofford held the position of site medical director.  Nor does the Complaint indicate if or when Wofford was apprised of the grievance decision, whether Plaintiff was seen by Wofford or his staff as recommended, whether any interactions between Plaintiff and Wofford took place, or what steps Wofford took regarding Plaintiff's medical care.  As pled, there are no allegations of Wofford's personal involvement or allegations that suggest Wofford's deliberate indifference.

Because the Complaint fails to state claims upon which relief may be granted against Defendants, the motion to dismiss will be granted.  Plaintiff, however, will be given leave to amend the claim.

## IV.    CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's motion to amend (D.I. 24); (2) grant Defendants' motion to dismiss (D.I. 19); and (3) give Plaintiff leave to file an amended complaint.

An appropriate order will be entered.